# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HOSKINS, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 19−cv−1303−SMY |
| MR. JOHNSON, | ) |
| MR. VANDEKEROVE, | ) |
| DANIEL HARRISS, | ) |
| MR. MUMBOWER, | ) |
| L. LOVE, | ) |
| C. WALL, | ) |
| KITTESS, | ) |
| GRITTALE, | ) |
| C. SWISHER, | ) |
| MR. KULICH, | ) |
| MR. GROVE, | ) |
| MR. FRANK, | ) |
| MR. BAKER, | ) |
| MR. MYERS, | ) |
| MR. HECK, | ) |
| MR. ADAMS, | ) |
| MR. LIVELY, | ) |
| MR. DUDEK, | ) |
| MR. COOLEY, | ) |
| MR. BAILEY, | ) |
| MR. BELL, | ) |
| MR. JUSTICE, | ) |
| SCOTT THOMPSON, | ) |
| B. BLUM, and | ) |
| MR. MERACLE | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Joshua Hoskins, an inmate currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has filed an action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights during his time at Pinckneyville base upon an alleged excessive use of

1

force incident on September 4, 2019. (Doc. 1). Before the Court is Plaintiff's Motion for Preliminary Injunction. (Doc. 6). For the following reasons, the Motion is **DENIED without prejudice**.

Plaintiff alleges that members of the prison staff have threatened to ensure that surveillance video showing the September 4, 2019 excessive force incident would be lost, destroyed or otherwise rendered unavailable. (*Id.*, pp. 1-3). He requests that the Court issue a preliminary injunction ordering the warden of Pinckneyville (Scott Thompson) to immediately produce the video recordings to the Court. (*Id.*, pp. 4-5). To obtain injunctive relief, whether through a temporary restraining order ("TRO") or preliminary injunction under Rule 65(a) or (b) of the Federal Rules of Civil Procedure, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (*citing Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007)). Further, the Prison Litigation Reform Act ("PLRA") requires that any grant of preliminary injunctive relief or TRO "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs" and cannot issue "unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(2).

Discovery materials such as video footage is normally produced by one party to the requesting party, rather than being submitted to the Court as Plaintiff requests. Moreover, Plaintiff's Motion is really a motion to preserve evidence, which is unnecessary as a party has a duty to preserve evidence when he knows, or should have known, that litigation is imminent. *Norman-Nunnery v. Madison Area Technical Coll*., 625 F.3d 422, 428 (7th Cir. 2010*); Trask-*

*Morton v. Motel 6 Operating L.P*., 534 F.3d 672, 681 (7th Cir. 2008). In other words, a party has a duty to preserve evidence over which it had control and reasonably knew or could reasonably foresee was material to a potential legal action. *Joseph v. Carnes*, 566 F. App'x 530, 535 (7th Cir. 2014) (quotation omitted). This duty attaches when the defendant is put on notice of impending litigation. *Trask-Morton*, 534 F.3d at 681. While a properly-exhausted grievance should be sufficient to put Pinckneyville's administration on notice to preserve any video evidence relevant to Plaintiff's claim, out of an abundance of caution, the Court will provide the Warden of Pinckneyville with a copy of this Order as he has not yet been served in this case.

Accordingly, Plaintiff's Motion for Preliminary Injunction (Doc. 6) is **DENIED without prejudice**. Plaintiff's Complaint will be screened under 28 U.S.C. § 1915A via separate order. The Clerk of Court is **DIRECTED** to forward a copy of this Order to Acting Warden Scott Thompson.

**IT IS SO ORDERED.**

**DATED: January 30, 2020**

<u>s/ STACI M. YANDLE</u>
**United States District Judge**