UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HOSKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Cause No. 3:19-cv-01303-GCS |
| | ) |
| MATTHEW JOHNSON, | ) |
| TREG VANDEKERHOVE, | ) |
| DANIEL HARRIS, | ) |
| STEVEN MUMBOWER, | ) |
| LARUE LOVE, | ) |
| CHAD WELL, | ) |
| CAITLIN HESS, | ) |
| GARRICK HALE, | ) |
| CHARLES SWISHER, | ) |
| JUSTIN KULICH, | ) |
| JAMES GROVE, | ) |
| MAC-SHANE FRANK, | ) |
| PHILLIP BAKER, | ) |
| PERCY MYERS, | ) |
| CHARLES HECK, | ) |
| CHAD ADAMS, and | ) |
| KALE LIVELY, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On November 26, 2019, Plaintiff Joshua Hoskins, an inmate in the custody of the Illinois Department of Corrections, filed suit pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights while he was incarcerated at Pinckneyville Correctional Center. The Court conducted a threshold review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Doc. 13). The March 23, 2020 Order allowed Plaintiff to proceed on the following claims: (1) that Defendant Johnson used excessive force; (2) that

Defendants Vandekerhove, Hale, Frank, Mumbower, Swisher, Groves, Wall, Baker, Heck, Kulich, and Adams failed to intervene or protect Plaintiff; (3) that Defendants K. Hess, Vandekerhove, Heck, Frank, Adams, Mumbower, Swisher, Grove Love, Harris, Adams, Lively, Baker, Wall, and Myers were deliberately indifferent to Plaintiff's serious medical condition; and (4) that Defendants Johnson, Frank, Mumbower, Swisher, Grove, Wall, Baker, and Love retaliated against Plaintiff. On August 21, 2020, Plaintiff filed a motion for an urgent preliminary injunction. (Doc. 59, 67). Thereafter on August 24, 2020, Plaintiff filed a supplement to the motion. (Doc. 60). Defendants filed an opposition to the motion and to the supplement. (Doc. 64). Based on the reasons delineated below, the Court **DENIES** the motion for preliminary injunction as it is not warranted.[1]

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)(quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *See Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

---

[1] No hearing on the motion is necessary because it is apparent from the face of Plaintiff's motion and supplement that he is not entitled to the relief requested.

Regarding the first element, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . , and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Here, Plaintiff, in his motion and supplement, raises new allegations of retaliation against Defendant Frank, a named defendant in this case, and Bailey, Boules, and Rodman –all individuals who are not currently named as Defendants in this matter. The new allegations deal with incidents that occurred in August 2020 after Plaintiff filed this lawsuit. He claims his safety is currently in jeopardy and requests that he be moved out of R4 house, but also not placed in R3 or R5 houses.[2] Plaintiff also filed a supplement to his motion to include additional events that he claimed occurred on August 24, 2020, again concerning complaints made against Bailey, Boules, and Rodman. Notably, there

---

[2] The Court notes that the record reflects that Plaintiff has been moved out of R4 house and placed in R2 house. This fact alone potentially moots the motion for preliminary injunction. However, it is not clear from the record that Plaintiff will not be transferred back to R4 house. Thus, out of an abundance of caution, the Court addresses the merits of the motion.

is no apparent relationship between the facts and allegations contained in Plaintiff's motion and supplement and those in the Complaint. Indeed, the named Defendants in this case are different (except for Defendant Frank) than the three main individuals Plaintiff complains about now in his motion. Furthermore, the claims in the motion and supplement are separate and distinct from the claims in the instant case. The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). It is not meant to be used as a vehicle to air new allegations and claims.

Further, in order to demonstrate entitlement to preliminary relief, Plaintiff would need to establish that irreparable harm will result if injunctive relief does not issue. Because he does not allege harm specific to the allegations in *this case*, Plaintiff has failed to establish entitlement to preliminary relief, and the undersigned need not address permanent relief. Lastly, to the extent that the allegations contained in the motion relate to new incidents not currently being pursued in any action in this Court, Plaintiff should file a new action stating those claims and file a motion for injunctive relief in that new action.

Accordingly, the Court **DENIES** Plaintiff's motion for urgent preliminary injunction. (Doc. 59).

**IT IS SO ORDERED.**

Dated: September 14, 2020.

Digitally signed by Judge Sison 2
Date: 2020.09.14 15:37:04 -05'00'

_____
GILBERT C. SISON
United States Magistrate Judge